| | |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO**<br>1437 Bannock Street<br>Denver, Colorado 80202 | DATE FILED: July 19, 2022 4:44 PM<br>FILING ID: 18593C7BA5F1D<br>CASE NUMBER: 2022CV32015 |
| **Plaintiff: GABRIEL BANE and MICHAEL LARSEN**<br><br>v.<br><br>**Defendant: WYNNE TRANSPORT SERVICE, INC.** | |
| | ▲COURT USE ONLY▲ |
| *Attorneys for Plaintiffs:*<br>Daniel J. Caplis, #13171<br>Michael P. Kane, #34878<br>Amy Ferrin, #39310<br>**THE DAN CAPLIS LAW FIRM, LLC**<br>Plaza Tower One Penthouse<br>6400 S. Fiddlers Green Circle, Suite 2200<br>Greenwood Village, CO 80111<br>Telephone: 303-770-5551<br>Fax: 303-770-5552<br>dan@caplislaw.com<br>mpk@caplislaw.com<br>af@caplislaw.com | Case Number:<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiffs, Gabriel Bane and Michael Larsen, by and through their attorneys, The Dan Caplis Law Firm, LLC, hereby files this Complaint and Jury Demand, and state as follows:

### PARTIES, JURISDICTION & VENUE

1. Plaintiff Michael Larsen is now, and has been at all times relevant hereto, a resident of the State of Colorado.

2. Plaintiff Gabriel Bane was a resident of the State of Colorado at the time of the motor vehicle accident and is currently a resident of Virginia.

3. Defendant Wynne Transport Service, Inc. ("Defendant Wynne Transport") is a Foreign Corporation with a principal business address at 2222 N. 11th Street, Omaha, Nebraska 68110.

4. Jurisdiction and venue are proper in any county designated in the Complaint because the acts occurred in Colorado and Defendant is a nonresident of the state.

## FACTS AND ALLEGATIONS

5. On December 20, 2019, Plaintiffs Bane and Larsen were traveling in a Nissan truck.

6. Plaintiff Bane was driving the truck.

7. Plaintiff Larsen was riding in the passenger seat of the truck.

8. Plaintiff Larsen owned the Nissan truck.

9. Plaintiff Bane was driving southbound on Interstate 25, approaching exit 255 near Johnstown.

10. This stretch of Interstate 25 is in the state of Colorado.

11. Plaintiff Bane was driving in the leftmost lane of traffic.

12. Plaintiff Bane brought the truck to a stop in response to traffic congestion ahead.

13. Around the same time, Michael Richardson was driving a tractor trailer southbound on Interstate 25.

14. Mr. Richardson was also driving in the leftmost lane.

15. Mr. Richardson failed to slow or stop in response to the traffic congestion ahead of him and crashed into the back of the Nissan truck driven by Plaintiff Bane.

16. Mr. Richardson was following the truck in front of him too closely and failed to stop before crashing into the Nissan truck driven by Plaintiff Bane.

17. The force of the impact pushed the Nissan truck into the car in front of it.

18. In turn, that car was pushed into another car also in front of the Nissan truck.

19. Four total vehicles were involved in the collision.

20. The force of the impact caused damage to Plaintiff Larsen's Nissan truck.

21. A State Trooper responded to the scene and investigated the collision.

22. The Trooper concluded that Mr. Richardson was responsible for causing the collision.

23. The Trooper concluded that Mr. Richardson drove carelessly in causing the collision.

24. The force of the impact caused Plaintiff Bane physical injuries.

25. Plaintiff Bane sought medical care for those injuries and incurred medical bills.

26. Plaintiff Bane continues to treat for his injuries caused by the collision.

27. The force of the impact caused Plaintiff Larsen physical injuries.

28. Plaintiff Larsen sought medical care for those injuries and incurred medical bills.

29. Plaintiff Larsen continues to treat for his injuries caused by the collision.

30. Defendant Wynne Transport owned the tractor trailer Mr. Richardson was driving.

31. At the time of the collision, Mr. Richardson was employed by Defendant Wynne Transport.

32. At the time of the collision, Mr. Richardson was driving the tractor trailer in the course of his employment with Defendant Wynne Transport.

33. At the time of the collision, Mr. Richardson was driving the tractor trailer pursuant to the authorization of Defendant Wynne Transport.

## FIRST CLAIM FOR RELIEF

*Plaintiffs against Defendant Wynne Transport Service, Inc. for Negligence*
*(Vicarious Liability)*

34. Plaintiffs incorporate all other paragraphs as though fully set forth herein.

35. On December 20, 2019, Defendant Wynne Transport's employees, and specifically Michael Richardson, owed a duty of care to Plaintiffs to operate the tractor trailer in a safe and reasonable manner.

36. Defendant Wynne Transport's employee, Michael Richardson, breached that duty by failing to stop and crashing into Plaintiff Larsen's truck.

37. As a direct and proximate result of the breach of the duty of care by Defendant Wynne Transport's employee, Michael Richardson, Plaintiff Bane suffered injuries and damages in an amount to be proven at trial.

38. As a direct and proximate result of the breach of the duty of care by Defendant Wynne Transport's employee, Michael Richardson, Plaintiff Larsen suffered injuries and damages in an amount to be proven at trial.

39. Michael Richardson was acting within the course and scope of his employment with and pursuant to the authorization of Defendant Wynne Transport at the time of the collision.

40. The acts or omissions of Defendant Wynne Transport's employee, Michael Richardson, are the direct and proximate cause of Plaintiff Bane's injuries and damages.

41. The acts or omissions of Defendant Wynne Transport's employee, Michael Richardson, are the direct and proximate cause of Plaintiff Larsen's injuries and damages.

42. Plaintiff Bane was not comparatively negligent.

43. Plaintiff Larsen was not comparatively negligent.

## SECOND CLAIM FOR RELIEF

*Plaintiffs against Defendant Wynne Transport Service, Inc. for Negligence* Per Se

*(Vicarious Liability)*

44. Plaintiffs incorporate all other paragraphs as though fully set forth herein.

45. On December 20, 2019 and at the time of the collision, Michael Richardson was acting within the course and scope of his employment with and pursuant to the authorization of Defendant Wynne Transport.

46. On December 20, 2019, there existed statutes, ordinances, and codes to regulate traffic and protect motorists and passengers in the State of Colorado.

47. Plaintiff Bane is a member of the class of drivers those statutes, ordinances, and codes are intended to protect.

48. Plaintiff Larsen is a member of the class of passengers those statutes, ordinances, and codes are intended to protect.

49. At the time of the crash, Defendant Wynne Transport's employee, Michael Richardson, violated traffic codes, including C.R.S. § 42-4-1402.

50. The violation of these codes by Defendant Wynne Transport's employee, Michael Richardson, constitutes negligence *per se*.

51. The negligence *per se* of Defendant Wynne Transport's employee, Michael Richardson, is the direct and proximate cause of Plaintiff Bane's injuries and damages.

52. The negligence *per se* of Defendant Wynne Transport's employee, Michael Richardson, is the direct and proximate cause of Plaintiff Larsen's injuries and damages.

**WHEREFORE**, Plaintiffs request this Court to enter judgment in their favor and against Defendant for economic losses, non-economic losses, permanent disability and disfigurement, pain, suffering, emotional distress, loss of enjoyment of lifestyle, lost earnings and earning

capacity, medical expenses (past and future), pre- and post- judgment interest, costs, attorney's fees and further relief as the Court deems just and proper.

**PLAINTIFFS REQUEST A JURY OF SIX TO HEAR ALL ISSUES IN THIS CASE**

Respectfully submitted the 19th day of July 2022.

THE DAN CAPLIS LAW FIRM, LLC

/s/ Amy Ferrin
Daniel J. Caplis, #13171
Michael P. Kane, #34878
Amy Ferrin, #39310
*Attorneys for Plaintiffs*
This document was filed electronically pursuant to Rule 121 § 1-26(7).
The original signed document is on file in counsel's office.

Plaintiffs' Address:
Gabriel Bane
Michael Larsen
c/o The Dan Caplis Law Firm, LLC
6400 S. Fiddlers Green Circle, Suite 2200
Greenwood Village, CO 80111